# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ASHLEY QUERFELD,**

      **Plaintiff,**

**v.**                            **CASE NO.:**

**HARWOOD FINANCIAL
GROUP d/b/a MANAGEMENT
SOLUTIONS, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY QUERFELD, by and through undersigned counsel, brings this action against Defendant, HARWOOD FINANCIAL GROUP d/b/a MANAGEMENT SOLUTIONS, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Families First Coronavirus Response Act ("FFCRA", 29 CFR 826), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq..

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4.      Plaintiff is a resident of Hillsborough County, Florida, and she worked in Hillsborough County for Defendant.

5.      Defendant operates a financial consulting group in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and the FFCRA and retaliated against Plaintiff for exercising these same rights.

7.      At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and thus was an "employee" under the FFCRA.

11.      At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FFCRA.

2

12.     At all times material hereto, Plaintiff was employed at least 30 calendar days by Defendant.

13.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14.     At all times material hereto, Plaintiff was an 'employer" within the meaning of the FFCRA.

15.     At all times material hereto, Plaintiff was engaged in commerce or was engaged in an activity affecting commerce.

16.     At all times material hereto, Plaintiff was a private entity employing fewer than 500 employees.

17.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

18.     Plaintiff has satisfied all conditions precedent, or they have been waived.

19.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

20.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

21.     Plaintiff began working for Defendant on or around June 1, 2018.

22.     Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

3

23.    Plaintiff performed the job for which she was hired in a satisfactory manner.

24.    Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without accommodation.

25.    On or around June 24, 2020, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

26.    Plaintiff required an accommodation of her handicap/disability.

27.    On or about July 7, 2020, Plaintiff requested an accommodation. Specifically, Plaintiff requested a brief medical leave of absence.

28.    Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

29.     On or about July 7, 2020, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

30.    On or about July 7, 2020, Plaintiff requested sick leave because she tested positive for COVID-19 and needed to quarantine.

31.    On or about July 8, 2020, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

32.    By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

4

33.     On or about July 8, 2020, Defendant terminated Plaintiff's employment for requesting leave that should have been protected by the FMLA and the FFCRA and for her reasonable accommodation request.

34.     Plaintiff exercised her rights under the FMLA by requesting leave to care for herself.

35.     By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA, the FFCRA, and the FCRA.

## COUNT I – FMLA INTERFERENCE

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as fully set forth herein.

37.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38.     By terminating Plaintiff's employment for pursuing her rights under the FMLA, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

39.     Defendant's actions were willful and done with malice.

40.     Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)   An injunction restraining continued violation of the FMLA by Defendant;

(c)   Compensation for lost wages, benefits, and other remuneration;

(d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)   Front pay;

(f)   Liquidated Damages;

(g)   Prejudgment interest on all monetary recovery obtained;

(h)   All costs and attorney's fees incurred in prosecuting these claims; and

(i)   For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

41.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 35 of this Complaint, as fully set forth herein.

42.   Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43.   Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

44.   Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

45.   Defendant's actions were willful and done with malice.

46.   Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)   That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)   An injunction restraining continued violation of the FMLA by Defendant ;

(c)   Compensation for lost wages, benefits, and other remuneration;

(d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)   Front pay;

(f)   Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## <u>COUNT III – FFCRA INTERFERENCE</u>

47.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

48.     Plaintiff tested positive for COVID-19, needed to quarantine, and requested sick leave under the FFCRA.

49.     By requesting sick leave, Plaintiff engaged in protected activity under the FFCRA.

50.     By terminating Plaintiff's employment for engaging in protected activity under the FFCRA, Defendant interfered with Plaintiff's FFCRA rights.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

52.     Plaintiff was injured due to Defendant's violations of the FFCRA.

***WHEREFORE***, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and for such further relief as this Court deems just and equitable.

## COUNT IV – FFCRA RETALIATION

53.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

54.     Plaintiff tested positive for COVID-19, needed to quarantine, and requested sick leave under the FFCRA.

55.     By requesting sick leave, Plaintiff engaged in protected activity under the FFCRA.

56.     By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

58.     Plaintiff was injured due to Defendant's violations of the FFCRA.

***WHEREFORE***, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and for such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

59.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

60.     Plaintiff is a member of a protected class under the FCRA.

61.     Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

62.     Defendant's actions were willful and done with malice.

63.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

10

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(e)     Any other compensatory damages, including emotional distress, allowable at law;

(f)     Punitive damages;

(g)     Prejudgment interest on all monetary recovery obtained.

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## <u>COUNT VI – FCRA VIOLATION</u>
### (DENIAL OF REASONABLE ACCOMMODATION)

64.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

65.     Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

66.     Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

67.     Defendant's actions were willful and done with malice.

68. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issues and that this Court take jurisdiction over the case;

(c)   An injunction restraining continued violation of  the law enumerated herein;

(d)   Compensation for lost wages, benefits, and other remuneration;

(e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)   Compensatory damages, including emotional distress, allowable at law;

(g)   Punitive damages;

(h)   Prejudgment interest on all monetary recovery obtained;

(i)   All costs and attorney's fees incurred in prosecuting these claims; and

(j)   For such further relief as this Court deems just and equitable.

## <u>COUNT VII – FCRA RETALIATION</u>

69. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

12

70.     Plaintiff is a member of a protected class under the FCRA.

71.     Plaintiff engaged in protected activity under the FCRA by reporting the harassment she experienced and requesting a reasonable accommodation.

72.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

73.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant, and terminated her employment.

74.     Defendant's actions were willful and done with malice.

75.     Defendant took material adverse action against Plaintiff.

76.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f)     Front pay;

(g)     Any other compensatory damages, including emotional distress, allowable at law;

(h)     Punitive damages;

(i)     Prejudgment interest on all monetary recovery obtained.

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

14

Dated this 19th day of May, 2021.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

15