UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY QUERFELD,

    Plaintiff,

v.                              Case No. 8:21-cv-1218-KKM-AAS

MANAGEMENT SOLUTIONS, LLC
D/B/A HARWOOD FINANCIAL GROUP
and DARWIN PARTNERS, LLC D/B/A
HARWOOD FINANCIAL GROUP,

    Defendant.
_____/

**ORDER**

Plaintiff Ashley Querfeld moves in separate motions to compel Defendants Management Solutions, LLC and Darwin Partners, LLC to produce documents and information responsive to Ms. Querfeld's First Requests for Production (RFP) and First Sets of Interrogatories. (Docs. 25, 30). Management Solutions and Darwin Partners did not timely respond to these motions. Consequently, the court ordered the defendants to respond to Mrs. Querfeld's motions and cautioned the motions would otherwise be treated as unopposed. (Doc. 31). The defendants responded on December 20, 2021. (Doc. 32).

<u>Motion to Compel Discovery Responses from Management Solutions, LLC</u>

At the outset of this action, Ms. Querfeld "inadvertently reversed the

1

name of Defendant [Management Solutions] with its fictitious name." (Doc. 11, p. 1). This resulted in Ms. Querfeld's original complaint (Doc. 1), amended complaint (Doc. 3), and service of process (Doc. 8) all listing "Harwood Financial Group d/b/a Management Solutions, LLC" as a defendant instead of "Management Solutions, LLC d/b/a Harwood Financial Group". (Doc. 11, p. 1–2). While Ms. Querfeld informed the court of this typographical error in a response to Management Solutions' motion to dismiss on July 14, 2021 (Doc. 11), Ms. Querfeld again made this error in serving the discovery requests at issue in this motion on Management Solutions' counsel on July 22, 2021. (Doc. 32, ¶ 4).

Counsel for Ms. Querfeld and Management Solutions conferred via email on August 23, 2021 (the original response deadline for Ms. Querfeld's discovery requests) and agreed to a two-week extension of Management Solutions' deadline to respond. (Doc. 25, Ex. C). On August 30, 2021, Ms. Querfeld filed her second amended complaint with Management Solutions' proper name listed in the case caption. (Doc. 13). The parties further conferred via email from October 2 through October 8th regarding Management Solutions' objection to responding to Ms. Querfeld's discovery requests because of the original typographical error. (Doc. 25, Ex. D–G). On October 8, 2021, over a month after Management Solutions' original response deadline, Management Solutions responded to Ms. Querfeld's discovery requests, objecting to each

2

discovery request on a single ground: that it is "unable to respond" because "Harwood Financial Group d/b/a Management Solutions, LLC is no longer identified as a party to this action and is not a proper legal entity." (Doc. 25, Ex. H).

Management Solutions suggests it is under no obligation to answer Ms. Querfeld's discovery requests until Ms. Querfeld serves new discovery requests properly captioning Management Solutions as the defendant. (Doc. 32, ¶ 5). But the "typographical mistake in the document request served on [the defendant] does not excuse him from responding." *Medina v. County of San Diego*, No. 3:08-cv-1252-BAS-RBB, 2014 WL 4793026, at *21 (S.D. Cal. Sept. 25, 2014). "Although plaintiff could have taken greater care in preparing its paper," Ms. Querfeld's filings with the court and counsel's ongoing conferrals with Management Solutions' counsel placed Management Solutions on sufficient notice of its need to respond to Ms. Querfeld's discovery requests. *JouJou Designs, Inc. v. JOJO Ligne Internationale, Inc.*, 821 F. Supp. 1347, 1350 (N.D. Cal. 1992).

Management Solutions has proffered no further objections to Ms. Querfeld's discovery requests. Ms. Querfeld's Motion to Compel (Doc. 25) is therefore **GRANTED** as to Ms. Querfeld's discovery requests from Management Solutions. Management Solutions must respond to Ms. Querfeld's discovery requests by **January 18, 2022**.

Discovery Requests to Darwin Partners

On October 1, 2021, Ms. Querfeld electronically served discovery requests on Darwin Partners. (Doc. 30, Ex. A, B). The deadline for responding to those requests was November 1, 2021, but Darwin Partners did not respond. (*Id*. at 8–9). Darwin Partners also did not respond to a subsequent inquiry from Ms. Querfeld's counsel. (*Id*. at ¶ 11). Over two weeks after the expired response deadline, Ms. Querfeld moved to compel Darwin Partners to respond. (Doc. 30). After the motion to compel had been pending for nearly a month, Darwin Partners finally responded to Ms. Querfeld's discovery requests. (Doc. 32, ¶ 8). Darwin Partners provides no explanation, much less any good cause, for its delay in responding to Ms. Querfeld's discovery requests and its untimely compliance with its discovery obligations does not moot the motion to compel.

Accordingly, Ms. Querfeld's Motion to Compel (Doc. 30) is **GRANTED** as to Ms. Querfeld's discovery requests from Darwin Partners.

\* \* \*

Federal Rule of Civil Procedure 37(a)(5)(A) states if a motion to compel is granted or discovery is provided after the filing of a motion to compel, "the court must, . . . require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). Counsel for Ms. Querfeld, Management Solutions, and Darwin Partners must therefore confer

and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to this motion. If counsel cannot agree, Ms. Querfeld may move for the amount sought, with supporting documentation.

**ORDERED** in Tampa, Florida, on January 4, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge